UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 5: 19-033-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 22-258-DCR |
| ) | |
| CLARK D. YOUNG, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

*** *** *** ***

Defendant/Movant Clark Young has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 57] The motion was referred to United States Magistrate Judge Edward B. Atkins for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Magistrate Judge Atkins issued his report on March 6, 2023, recommending that Young's motion be denied. [Record No. 70]

This Court makes *de novo* determinations of those portions of a magistrate judge's recommendation to which objections are made. *See* 28 U.S.C. § 636(b)(1)(C). However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In this case, the parties did not submit any objections to the Magistrate Judge's Report and Recommendation. Notwithstanding that failure, the undersigned has reviewed Young's motion *de novo*. Following this review, the

---

[1] This matter was reassigned to the undersigned upon Senior United States Judge Joseph M. Hood taking inactive senior status.

- 1 -

Court agrees with Magistrate Judge Atkins' that Young did not establish that his attorneys provided constitutionally ineffective assistance. Accordingly, Young's § 2255 motion will be denied.

### I. Background

A federal grand jury indicted Young on one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 1) and one count of possessing with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 2). [Record No. 1] The defendant pleaded guilty to Count 1 and the lesser included offense of Count 2 (i.e., possessing a controlled substance) in May 2019. [Record No. 23]

The United States notified the Court that Young would be eligible for an enhanced statutory punishment pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), after the defendant moved for re-arraignment. [Record No. 20] The government stated in its amended notice that four of Young's prior state convictions rendered the defendant eligible for an ACCA enhancement: one conviction for manslaughter in the second degree, one conviction for assault in the second degree, and two convictions for trafficking in a controlled substance. [Record No. 21, pp. 1-2]

The government noted that Young waived "the right to appeal [his] guilty plea, conviction and sentence" in his plea agreement during the defendant's change-of-plea hearing,. [Record No. 43, p. 8] Young affirmed that he had reviewed his plea agreement with his attorney and was satisfied with his attorney's representation. [*Id.* at pp. 3-4] The Court the reviewed the relevant statutory penalties and asked Young if he understood that he "would still be bound by [his] plea and will have no right to withdraw it," even "if the sentence [was] more severe than [he] expected." [*Id.* at p. 13] Young indicated that he understood. [*Id.*]

Young's Presentence Investigation Report ("PSR") reported that Count 1 required a mandatory minimum term of imprisonment of 15 years and that the lesser included offense of Count 2 required a mandatory minimum of 90 days. [Record No. 33, ¶ 62] The PSR recommended enhancing the defendant's sentence under the ACCA because "the defendant ha[d] at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions." [*Id.* at ¶ 30]

Young's court-appointed attorney, Mary Ann Leichty, did not object to the PSR. [Record No. 42, p. 2] In an affidavit provided by the United States in response to the current motion, Leichty explained that she did not object to the statutory enhancement under the ACCA because the defendant's "priors qualified him as an Armed Career Criminal which resulted in his enhanced sentence." [Record No. 64-2, p. 2] Moreover, she did not file objections to the PSR's recommended guidelines range because, after carefully reviewing the document with the defendant, she "and Mr. Young did not find any errors in the PSR or the calculations." [*Id.*]

During Young's sentencing hearing, the Court stated that Young would be sentenced to "230 months on Count 1, and 30 months on Count 2, to run concurrently for a total term of 200 months." [Record No. 42, p. 10] The Judgment entered by the Court imposed a sentence of 230 months' imprisonment. [Record No. 64-2, p. 3] Leichty stated that she initially thought that the Court imposed a sentence of 200 months' imprisonment at the defendant's sentencing hearing but recognized her misunderstanding upon reading the Judgment filed in the record. [*Id.*, Record No. 28] After Leichty conferred with the attorney for the United States, who also admitted to having misunderstood the Judgment announced at the defendant's sentencing hearing, the parties filed a Joint Motion to Clarify or Correct the Judgment. [Record No. 29]

However, Judge Hood denied the motion, explaining that the written Judgment "accurately reflects the Court's intention that Young be sentenced to 230 months imprisonment on Count 1, and 30 months imprisonment on Count 2, to run concurrently, for a total term of 230 months imprisonment." [Record No. 30]

Young timely appealed his sentence to the United States Court of Appeals for the Sixth Circuit. [Record No. 31] Attorney Thomas Rein was appointed to represent Young on appeal. [Record No. 38] Rein appealed Judge Hood's inconsistency in announcing the defendant's sentence and counsel's failure to object to the Court's alleged error. *United States v. Young*, No. 19-6075, 2020 WL 11567509, at *1 (6th Cir. Dec. 11, 2020). Notwithstanding this argument, the court dismissed Young's appeal as precluded by the terms of his plea agreement. *Id.* The United States Supreme Court denied Young's petition for writ of certiorari in October 2021. [Record No. 55] The defendant timely filed the instant § 2255 motion.

Young argues that his attorneys provided constitutionally ineffective assistance. His allegations center on his attorneys' failure to object to the application of a sentence enhancement under the ACCA and Leichty's failure to accurately inform him that he had received a sentence of 230 months' imprisonment. [Record No. 57] Young also alleges that Rein was ineffective for arguing on direct appeal that Leichty provided ineffective assistance.

Magistrate Judge Atkins concluded in his Report and Recommendation that all claims in Young's motion should be denied. [Record No. 70] He explains that Young's contentions that trial and appellate counsel should have objected to the ACCA enhancement fail because the defendant's predicate offenses properly justified application of the enhancement. [*Id.* at pp. 5-12, 15-16] Additionally, he concludes that trial counsel Leichty was not ineffective for failing to object to the sentencing Court's announcement of Young's sentence because she did

not become aware of the inconsistency until she reviewed the Judgment after the defendant's sentencing hearing. [*Id.* at pp. 12-13] Finally, the Magistrate Judge recommends that Young's appellate attorney Rein did not provide ineffective assistance in arguing that trial counsel was ineffective on appeal, even if such a claim is normally preserved for a petition seeking collateral relief. [*Id.* at pp. 14-15]

## II. Legal Standard

A prisoner has a statutory right to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255. To succeed on a § 2255 claim, a prisoner must demonstrate that that his sentence was unlawful, that the court lacked jurisdiction, that the sentence was "in excess of the maximum authorized by law," or that the sentence is "otherwise subject to collateral attack." "A motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Here, Young claims that he is entitled to relief because his trial and appellate attorneys' actions violated his right to effective assistance of counsel under the Sixth Amendment. *See* U.S. Const. amend. VI. A defendant's right to such effective assistance is violated when counsel's performance falls below an objective standard of reasonableness and he is prejudiced by that performance. *Henness v. Bagley*, 766 F.3d 550, 554 (6th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To show prejudice, a movant must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Under the first prong of *Strickland*, courts "strongly presume" that counsel "made all significant decisions in the exercise of reasonable professional judgment" and "take care to avoid 'second-guessing'" an attorney's use of discretion. *Lundgren v. Mitchell*, 440 F.3d 754, 759-60 (6th Cir. 2014); *see also Strickland*, 466 U.S. at 690.

To satisfy the second prong, the movant must demonstrate that counsel's deficient performance would have changed the outcome of the proceeding, considering "the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695-96. A movant must establish his claim of ineffective assistance by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### III. Analysis

#### A. Failure to Object to ACCA Enhancement

Young argues that his sentence should not have been enhanced pursuant to the ACCA because his state convictions did not qualify as predicate offenses. [Record No. 57-2, p. 4] He contends that Leichty was ineffective for failing to meaningfully investigate whether he qualified for a sentence enhancement or object to its application in advance of his sentencing hearing. [*Id.* at pp. 4-6]

The "ACCA enhances the sentence of anyone convicted under 18 U.S.C. § 922(g) of being a felon in possession of a firearm if he has three or more prior convictions (whether state or federal) for a 'violent felony'" or a "serious drug offense." *Borden v. United States*, 141 S. Ct. 1817, 1821 (2021) (citing 18 U.S.C. § 924(e)(1)). The statute defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(i). A

"violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year . . . [that] has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i).

Courts utilize a categorical approach when determining whether a defendant's prior conviction renders him eligible for an enhanced sentence under the ACCA. Under this approach, "the facts of a given case are irrelevant. The focus is instead on whether the elements of the statute of conviction meet the federal standard." *Borden*, 141 S. Ct. at 1821. More specifically, courts applying the categorical approach identify the elements of the statute of the defendant's underlying conviction and compare those elements to the ACCA's relevant language. *See, e.g., United States v. Harrison*, 54 F.4th 884, 888 (6th Cir. 2022) ("So the facts underlying Harrison's complicity conviction don't matter; instead, we ask whether the elements of Kentucky's complicity statute [meet ACCA standards]"). Further, sentencing courts "assume that the defendant was convicted based on the least culpable conduct criminalized under the predicate offense." *United States v. Butts*, 40 F.4th 766, 770 (6th Cir. 2022).

Young's argument that the Court should have applied a modified categorical approach in evaluating his convictions under the ACCA is unavailing. [Record No. 57, p. 4] In a narrow class of cases, courts "may look at the indictment, guilty plea and similar documents to see if they 'necessarily' establish the nature of the prior offense." *United States v. Johnson*, 675 F.3d 1013, 1016–17 (6th Cir. 2012) (citations omitted). However, as the Supreme Court explained, sentencing courts should only apply a modified categorical approach when the statute of conviction defines "out one or more elements of the offense in the alternative—for example,

stating that burglary involves entry into a building *or* an automobile." *United States v. Descamps*, 570 U.S. 254, 257 (2013).

Applying a modified categorical approach in Young's case would be improper because none of the defendant's statutes of conviction provide for alternative liability. *See, e.g., Mayes*, 928 F.3d at 504-05 (applying categorical approach to defendant's conviction under KRS § 218A.1412(1)); *United States v. Campbell*, 224 F. Supp. 3d 549, 564 (E.D. Ky. 2016) (applying categorical approach for defendant's Kentucky assault conviction because "[a]cross the Kentucky Revised Statutes, and in particular within KRS Chapter 508, alternative statutory mental states are usually variant means to satisfy the single *mens rea* element of the crime— not individual elements of a distinct offense"). Because Young's predicate offenses were properly evaluated using the categorical approach, Leichty was not ineffective for failing to object to its use. Additionally, Young has not alleged that use of the categorical approach prejudiced him under *Strickland*'s second prong.

Young's PSR outlines four convictions that served as predicate offenses for the defendant's ACCA enhancement. The Court will consider each conviction in turn.

### 1. Trafficking Controlled Substances

Young was convicted of trafficking in a controlled substance in Fayette Circuit Court in March and September of 2006. [Record No. 16, p. 2] At the time of the defendant's conviction, the relevant statute provided that "[a] person is guilty of trafficking in a controlled substance in the first degree when he knowingly and unlawfully traffics in . . . a controlled

substance." KRS § 218A.1412(1) (2006). The statute further defined the offense as a Class C felony, which is punishable by up to 10 years in prison. KRS § 532.060(2)(c) (2006).[2]

As Magistrate Judge Atkins correctly notes, the Sixth Circuit has upheld the application of an ACCA enhancement based on predicate convictions under section 218A.1412(1). [Record No. 70, p. 7 (citing *Mayes*, 928 F.3d at 506; *United States v. Miles*, No. 21-5481, 2022 U.S. App. LEXIS 11214, at *2 n.1 (6th Cir. Apr. 25, 2022))] Young's prior convictions under section 218A.1412(1) meet the ACCA's requirement that a serious drug offense "involve . . . distributing . . . a controlled substance," and that the conviction yield a "maximum term of imprisonment of ten years or more." 18 U.S.C. § 924(e)(2)(A)(ii).

Because section 218A.1412(1) categorically matched with the ACCA's definition of a serious drug offense at the time of Young's convictions, the offenses could properly support the defendant's sentence enhancement. As such, Leichty was not ineffective for failing to object to the use of Young's trafficking convictions as predicate offenses.

---

[2] In 2011, the Kentucky legislature amended section 218A.1412(1) to "reduc[e] the maximum term of imprisonment from ten years to five years for offenses involving less than a certain quantity of controlled substances." *Mayes*, 928 F.3d at 504-05. The Sixth Circuit found that the amended version of section 218A.1412(1) does not apply for purposes of an ACCA enhancement if the defendant was sentenced before the amendment went into effect. It held that the defendant in that case could not claim that the lesser penalties under the amended statute made him ineligible for an ACCA enhancement because the state legislature did not intend that the revised statute would apply retroactively. *See* 928 F.3d at 506 (citing *United States v. McNeill*, 563 U.S. 816, 823 (2011) ("It cannot be correct that subsequent changes in state law can erase an earlier conviction for ACCA purposes.")). Similarly, because Young's convictions occurred before 2011, the Court will not consider section 218A.1412(1)'s amended provisions in determining whether the defendant's convictions qualify as serious drug offenses under the ACCA.

## 2. Second Degree Assault

Young also claims that Leichty was ineffective for failing to object to the use of his conviction for assault in the second degree as a predicate offense. He argues that this conviction does not support his ACCA enhancement because the relevant statute does not constitute a "violent felony" as defined by the ACCA. [Record No. 57-2, p. 8] He also asserts that his assault conviction should not serve as a predicate offense because he entered an *Alford* plea on that charge. [*Id.*]

As noted above, the ACCA defines a "violent felony" as any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Young was convicted under KRS § 508.020, which provides that a person is guilty of assault in the second degree when:

    (a)    He intentionally causes serious physical injury to another person; or
    (b)    He intentionally causes physical injury to another person by means of a deadly weapon or a dangerous instrument; or
    (c)    He wantonly causes physical injury to another person by means of a deadly weapon or a dangerous instrument.

KRS § 508.020(1)(a)-(c). As Magistrate Judge Atkins correctly notes, section 508.020 satisfies the ACCA's definition of a "violent felony" because each subsection requires the actor to use physical force to injure another person. [*See* Record No. 70, p. 8.]

Moreover, the defendant's assault conviction qualifies as a violent felony because it criminalizes a sufficiently culpable *mens rea*. Again, as mentioned above, courts evaluating the propriety of applying an ACCA enhancement consider the least culpable conduct criminalized by the relevant statute. *See Borden*, 141 S. Ct. at 1822 ("If any—even the least culpable—of the acts criminalized do not entail that kind of force, the statute of conviction does not categorically match the federal standard, and so cannot serve as an ACCA

predicate."). The *Borden* Court held that a statute prohibiting conduct committed with only a reckless or negligent mental state is not sufficiently culpable to satisfy the elements of a "violent felony" under the ACCA. *See id.* at 1834.

Notably, the *Borden* Court stated that its decision did not apply to mental states "between recklessness and knowledge." 141 S. Ct. at 1825 n.4. And in *United States v. Harrison*, the Sixth Circuit joined several other circuits in refusing to extend *Borden* "to mental states more culpable than recklessness." 54 F.4th at 890 (citing *United States v. Begay*, 33 F.4th 1081, 1093-95 (9th Cir. 2022); *Alvarado-Linares v. United States*, 44 F.4th 1334, 1344 (11th Cir. 2022); *United States v. Manley*, 52 F.4th 143, 150–51 (4th Cir. 2022)).

A person may be found guilty under section 508.020 if he or she causes physical injury to another person "intentionally" or "wantonly." *See* KRS § 508.020(1)(a)-(c). Kentucky law provides that a person acts wantonly when he or she "is aware of and consciously disregards a substantial and unjustifiable risk . . . [in a way that] constitutes a gross deviation from a standard of conduct that a reasonable person would observe in the situation." KRS § 501.020(3). By contrast, a person acts recklessly under Kentucky law when he or she "fails to perceive a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." KRS § 501.020(4).

Because a wanton *mens rea* as defined by Kentucky law "falls in the range between ordinary recklessness and knowledge," it constitutes a sufficiently culpable mental state to be considered a violent felony under the ACCA. *See Harrison v. United States*, 54 F.4th 884, 893 (6th Cir. 2022) (Cole, J., concurring in part and concurring in judgment) (citing KRS §

501.020(3)). Accordingly, Young's section 508.020 conviction properly served as a predicate offense under the ACCA.

Young's entry of an *Alford* plea on his assault charge does not affect this analysis. An *Alford* plea permits a defendant to plead guilty without acknowledging his guilt. *See United States v. Murray*, 653 F.3d 367 (6th Cir. 2011), *overruled on other grounds by United States v. Verwiebe*, 874 F.3d 258, 261 (6th Cir. 2018). And a defendant's entry of an *Alford* plea "does not prevent the resulting conviction from ever serving as a predicate conviction for sentence enhancement," provided that the statute of conviction is categorically a 'violent felony'" under the ACCA. *Murray*, 653 F.3d at 381. Young's claim that the nature of his plea regarding his assault charge somehow affects the validity of his ACCA enhancement therefore fails.

Young's assault conviction constitutes a violent felony under the ACCA and was properly applied in support of his enhancement. He cannot claim that Leichty provided ineffective assistance in failing to challenge the consideration of the conviction, because any challenge would have been meritless.

### 3. Second Degree Manslaughter

Finally, Young claims that Leichty was ineffective for failing to object to the use of his manslaughter conviction as a predicate offense. According to Young, if counsel had properly investigated his case, she would have discovered that his manslaughter conviction "does not qualify as a 'crime of violence'" under the ACCA and should not have supported his enhancement.[3]

---

[3] Young's assault and manslaughter convictions cannot both be used as predicate offenses under the ACCA because both charges resulted from the same occasion. *See United States v.*

Young was convicted of manslaughter in the second degree in 2014, pursuant to KRS § 507.040(1). Under the statute, a person is guilty of second-degree manslaughter when he or she "wantonly causes the death of another person." *Id.* The statute further defines the crime as a Class C felony. *Id.* § 507.040(2).

In *Harrison*, the court found that the defendant's conviction under a murder statute constituted a "violent felony" under the ACCA. 54 F.4th at 889. There, the defendant was previously convicted under KRS § 507.020, which provides that a person is guilty of murder if he "causes the death of [another]" by ""wantonly engag[ing] in conduct which creates a grave risk of death." *Id.* The court explained that the statute matched with the ACCA definition of a violent felony because "in every murder, the murderer uses physical force in some way to cause a death." *Id.* The *Harrison* court further found that the fact that a person convicted under section 507.020 must act with at least a wanton *mens rea* did not prevent the statute from being considered as a predicate offense under the ACCA, because "a person can't cause the death of another intentionally or wantonly without using physical force." *Id.* In the same way, Young's manslaughter conviction could be considered as a predicate offense under the ACCA because the statute of conviction requires at least a wanton *mens rea*, which necessarily involves the use of physical force.

In summary, Young cannot show that any of his prior convictions were improperly considered as predicate offenses for his ACCA enhancement. Leichty was not ineffective for

---

*Barbour*, 750 F.3d 535, 542 (6th Cir. 2014) ("The [ACCA] is phrased as requiring that, in order to qualify [as predicate offenses], offenses must be committed on occasions different from one another, rather than excluding from counting crimes committed on the same occasion."). However, the Court will consider whether both convictions support an ACCA enhancement because Young claims that neither charge qualifies as a predicate offense.

failing to object to the consideration of those offenses at any stage of the proceedings because any objection would have been meritless.

### B.  Failure to Object to Stated Sentence

Young also claims that Leichty was ineffective for failing to object when the sentencing Court announced the defendant's sentence.  He asserts that counsel provided ineffective assistance when she informed him after his hearing that he had been sentenced to 200 months' imprisonment, which was inconsistent with the sentence of 230 months' imprisonment later filed in the record.  [Record No. 57-2, pp. 9-10]  However, Young has not demonstrated that counsel's actions were improper under *Strickland*'s first prong.

Leichty explains in her affidavit that she was not aware that she misunderstood Young's sentence until she read the Judgment filed in the record.  [Record No. 64-2, p. 3]  After realizing the inconsistency and conferring with the government, counsel filed a Joint Motion to Clarify the Judgment.  [Record No. 29]  On these undisputed facts, the defendant cannot claim that Leichty acted unreasonably when she failed to object to the Court's statement at Young's sentencing hearing because she could not have recognized the inconsistency in the defendant's sentence at the time of the hearing.  Additionally, counsel was not ineffective because she took appropriate steps to clarify the Judgment after recognizing that the sentence reflected in the record was at odds with Judge Hood's statement.

Even if Leichty somehow acted unreasonably by failing to object to the sentencing Court's statement, Young has not shown that her course of action affected the outcome of his case.  Magistrate Judge Atkins correctly recognizes that, in denying the parties' Joint Motion to Clarify the Judgment, Judge Hood did not suggest that Young would have received a lesser sentence if the parties had challenged his statement sooner.  [Record No. 70, p. 13]

## C. Ineffective Assistance of Appellate Counsel

Young argues that appellate counsel Rein was ineffective for failing to raise nonfrivolous issues on appeal and for appealing trial counsel's ineffective assistance. However, Young's contention that Rein was ineffective for failing to raise nonfrivolous issues on appeal fails because the defendant has not identified any meritorious claims that counsel should have raised. "[A]n appellate attorney is constitutionally ineffective only if (1) the attorney acted unreasonably in failing to discover and raise nonfrivolous issues on appeal and (2) there is a reasonable probability the defendant would have prevailed on appeal if his attorney had raised the issue." *Holden v. Mackie*, No. 14-13701, 2019 WL 5696843, at *9 (E.D. Mich. Nov. 4, 2019) (citing *Smith v. Robbins*, 528 U.S. 259, 285 (2000)).

Young claims that Rein should have appealed the allegedly erroneous application of the ACCA enhancement, but as has already been discussed, the enhancement was properly applied. Rein was not ineffective for declining to advance arguments that lack merit. *See Goff v. Bagley*, 601 F.3d 445, 468 (6th Cir. 2010). And because Young did not identify any claims that would have been successful if raised on appeal, he cannot demonstrate that Rein's failure to raise such claims prejudiced him.

Additionally, Young has not demonstrated that Rein was ineffective for arguing on appeal that Leichty provided constitutionally ineffective assistance before the district court. As Magistrate Judge Atkins correctly noted, while a claim that trial counsel was ineffective is not typically successful on direct appeal, Rein's decision to raise that claim was not objectively unreasonable under *Strickland*'s first prong. [Record No. 70, p. 15]

### IV.  Evidentiary Hearing

Young requests an evidentiary hearing on the claims raised in his motion. [Record No. 57-2, p. 13] Section 2255 provides that, "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." However, the Sixth Circuit has recognized that when a movant alleges facts that entitle him to relief, "a district court may only forego a hearing where 'the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (citation omitted).

Young's request for an evidentiary hearing will be denied because the evidence in the record shows that the defendant is not entitled to relief. His allegations that his trial and appellate attorneys were ineffective for failing to further investigate or challenge the ACCA enhancement do not warrant an evidentiary hearing because any challenges regarding the enhancement would have been meritless. His claim that Leichty erred when she failed to challenge the sentencing Court's announcement of his sentence similarly does not require an evidentiary hearing because record evidence demonstrates that trial counsel took appropriate steps after recognizing the inconsistency in the Judgment. In short, Young has not made any allegations warranting an evidentiary hearing in this matter.

### V.  Certificate of Appealability

The Court must issue or deny a certificate of appealability when it enters a final order that is adverse to the movant in a § 2255 proceeding. Rule 11 of the Rules Governing § 2255 Proceedings; 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may be issued only

when the defendant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this burden, the defendant must show that reasonable jurists could debate whether the petition should have been resolved in a different way or that the issues involved were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4) (1983)).

Here, reasonable jurists would not debate the Court's conclusions. Young has failed to rebut the "strong presumption" that trial or appellate counsel's conduct "[fell] within the wide range of reasonable professional assistance." *Frazier v. Huffman*, 343 F.3d 780, 794 (6th Cir. 2003). Specifically, his attorneys reasonably exercised their professional judgment in declining to challenge the application of the ACCA enhancement because any challenge to the enhancement would have been unsuccessful. And Leichty acted properly by filing a motion to clarify the Judgment after she became aware of the inconsistency between the sentence announced by the sentencing Court's statement and the Judgment in the record.

Because the defendant's arguments are clearly without merit based on record evidence, no certificate of appealability will issue.

### VI. Conclusion

For the reasons discussed herein and in the Magistrate Judge's Report and Recommendation, is hereby

**ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Edward B. Atkins [Record No. 70] is **ADOPTED** and **INCORPORATED** here by reference.

2. Defendant/Movant Clark Young's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 [Record No. 57] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

3. A Certificate of Appealability will not issue.

4. Young's request for an evidentiary hearing is **DENIED**.

Dated: April 3, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky